07-CV-00759-MEM

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| GREGORY REQUA, ADULT STUDENT<br><br>PLAINTIFF,<br><br>vs.<br><br>KENT SCHOOL DISTRICT No. 415;<br><br>BARBARA GROHE, SUPERINTENDENT;<br><br>AND MICHAEL ALBRECHT, PRINCIPAL<br><br>DEFENDANTS | Case No. C 07-0759 MJP<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER |

## I. INTRODUCTION

Gregory Requa, an adult student and a senior at Kentridge High School, was subjected to a long-term suspension of forty (40) days based on his purported involvement in producing and posting a video critical of a teacher onto YouTube.com. While portions of the video were taken unobtrusively at school, the video was edited, produced, and posted onto the internet in the privacy of a student's home on a student's personal computer. The video was never seen at

Memorandum in Support of Motion for
Temporary Restraining Order - 1

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

school on any school computer as all the school's computers, including the administrators' and teachers' computers, are configured in a way to prohibit the viewing of YouTube.com, MySpace, and other similar internet sites. While Gregory has denied all involvement in the production and posting of this video, even if he participated, the production and posting of this video was protected speech and the school district's attempt to punish him for it violates the federal and state constitution. The legal principles are elementary and long-established[1] and the Supreme Court has stated that high school students do not abandon their First Amendment Rights "at the schoolhouse gates."[2] Also, the fact pattern of this case is very similar to other cases held to be protected speech.[3]

If a temporary restraining order is not granted this week enjoining the school district from keeping Gregory out of school, Gregory will suffer irreparable harm. Gregory will miss up to thirty-two more days of school. This will result in a loss of education as well as endangering his graduation from high school and his college plans. Gregory has already suffered an irreplaceable loss when the school district prohibited his further participation in the DECA competition. The school district's actions have already had a chilling effect on Gregory's free speech rights forcing him to edit his MySpace.com site. Without prompt action by this Court, Gregory will endure

---

[1] See Emmett v. Kent School District 92 F. Supp. 2d 1088 (2000 W.D. Wash)(granting a temporary restraining order to a high school student who was disciplined for creating in his home a web page on the internet viewed as disruptive by the school).

[2] Tinker v. Des Moines Indep. Cmty Sch. Dist. 393 U.S. 503, 506 (1969).

[3] See Emmett v. Kent School District 92 F. Supp 2d 1088 (2000 W.D. Wash) Note 1 above, and Beussink v. Woodland R-IV Sch. Dist. 30 F.Supp. 2d 1175 (1998 E.D. Mo.)(granting a preliminary injunction against a school district that punished a student for the content of off-campus web site).

Memorandum in Support of Motion for
Temporary Restraining Order - 2

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

unconstitutional punishment for the exercise of the free speech rights involved in the production and posting of this video, which constitutes irreparable harm in itself.

The test for a temporary restraining order is unquestionably met: Gregory has a high likelihood of success on the merits coupled with irreparable harm. There are also serious questions on the merits of this case as Gregory has consistently denied all participation in the production and posting of this video. The balance of hardship is clearly on the side of granting the motion and ordering the reinstatement of Gregory at school so that his education is not further disrupted.

## II. FACTS

During the last week of school in June of 2006, a student unobtrusively video-taped Ms. Mong, an English teacher at Kentridge High School, for the purpose of creating a video to be posted on YouTube.com critical of this teacher and her teaching methods. On or about June 26, 2006 the video entitled "Mongzilla" was posted on YouTube.com. YouTube.com is a free public site on the internet, or "World Wide Web", that allows anyone in the general public to post a video for public viewing and/or view any of its postings. There was no discussion at school of this video in June of 2006 before school dismissed for the summer. Mrs. Mong retired at the end of the 2005-2006 school year and has had no contact with the school district since her retirement.

Around the end of June of 2006, Gregory learned of the video, viewed it, thought it was funny, and posted it as a link on his MySpace.com site. In September of 2006 when school resumed there was no discussion of the video and no students viewed the video on any school computers. The school computers, including the administration and teacher computers, are configured in such a way as to prohibit the viewing of YouTube.com, MySpace, and other like websites.

Memorandum in Support of Motion for

Temporary Restraining Order - 3

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

1  Around February 12, 2007 KOMO 4 News, a local Seattle, Washington news channel, picked up on a national story reporting on videos posted to YouTube.com criticizing teachers. KOMO 4 News reporters searched YouTube.com for local videos and discovered the video of Ms. Mong, among other videos. The news reporter contacted officials in the school district and at Kentridge High School for comment and interviewed several Kentridge High School students for their comments. Then KOMO 4 News aired a news program about this video and other videos on its news program the night of February 14, 2007 and included a link to the news program on its website.

Mr. Albrecht, Kentridge High School principal, first became aware of the video when KOMO 4 News contacted the school district for comments. Mr. Albrecht told Mrs. Mong about the video after he was contacted and that was the first time Mrs. Mong ever knew she was video-taped or that this video existed. When Gregory heard about the news program and the possibility that the video could be viewed as harassment he removed the link to the video from his MySpace.com page.

Mr. Albrecht conducted an investigation and students told him they believed Gregory Requa was involved in the production and posting of the video. Mr. Albrecht removed Gregory from class and questioned him and Gregory told him he had no participation in any part or posting of this video. Mr. Albrecht removed other students from their classes to be questioned and eventually another student, S.W., confessed to filming Mrs. Mong during his fifth period class. S.W. told Mr. Albrecht Gregory was involved with the production and posting of the video, but S.W. told Gregory Mr. Albrecht told him his consequence would be reduced if he named another student, which is why he named Gregory. At the hearing Mr. Albrecht stated he said something similar to S.W. but not exactly what S.W. reported he said.

Memorandum in Support of Motion for
Temporary Restraining Order - 4

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

1    Gregory, on a second interview, again denied any involvement in the video and told Mr.
2    Albrecht he believed the rumor of his involvement was due to his reputation at the school of an
3    excellent video editor and producer, someone teachers and students at the school called on
4    numerous times to produce videos for classes and to assist teachers. Gregory had no disciplinary
5    record at school, had never been in trouble before, carried a 2.97 grade point average, and was
6    set to graduate with his class in June of 2007. Gregory also had won the DECA[4] Competition
7    and was set to compete at the state level with a possibility of winning and then competing at the
8    national level.

9    Despite Gregory's consistent denial and lack of any disciplinary record, Mr. Albrecht
10   concluded that Gregory produced and posted the video on YouTube.com and disciplined him
11   with a long-term suspension of forty (40) days for: harassment of a staff member, electronic use
12   violation, disciplinary behaviors, and defiance of school authority. This last offense was based
13   on Mr. Albrecht's belief that Gregory lied to him when he denied any participation in the video,
14   not that Gregory used disrespectful or abusive language in any way.

15   Other than Mr. Albrecht removing students from their classes to question them, there has
16   been no disruption to the learning environment at the school or any school in the Kent School
17   District. The school district has maintained that "teachers" are "fearful" of being videotaped and
18   this therefore has established the "disruption". However, the district has never established
19   anything beyond these vague and unsubstantiated "fears" that there was or will be any disruption
20   to the school environment. In fact, Gregory uneventfully attended school from the beginning of
21   the 2006-2007 school year after the time the video was posted until February when the video was

---

[4] DECA is a national organization of high school and college students dedicated to developing future leaders in marketing, management, and entrepreneurship. The local competitions are sponsored by schools.

Memorandum in Support of Motion for
Temporary Restraining Order - 5

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

1  discovered. Gregory told no one about the video, never discussed the video at school, and the
2  school learned of the video from an outside source. Then Gregory continued to uneventfully
3  attend school after the discovery of the video in February of 2007 until May 8, 2007 due to the
4  staying of his suspension while he appealed the school district's actions. During these over eight
5  months the school district has not put forward any allegations that Gregory or his presence at the
6  school has caused any disruption or that Gregory has been anything but a model student at the
7  high school.

8      Gregory and his parents appealed the disciplinary action and the discipline was stayed
9  during the appeal. However, his ability to participate in the DECA competition was immediately
10 revoked and he lost the opportunity to compete at the state level and at the national level. On
11 March 8, 2007 an appeal was heard by a hearing officer who upheld the discipline of Gregory, in
12 its entirety, and produced a written report dated March 12 [2007](sic).

13     At the hearing, Mr. Albrecht did not present any evidence to the hearing officer that
14 Gregory has been disruptive at school. Mr. Albrecht was also unable to reconcile inconsistencies
15 in the stories of the students whose statements he relied on to conclude Gregory participated in
16 the production and posting of the video. The video was taken during fifth period and Gregory
17 was not in Mrs. Mong's fifth period class as he has a different fifth period class. Mr. Albrecht
18 did not look at Gregory's schedule to see when he was in Mrs. Mong's class and the fact that
19 Gregory was not in that class fifth period would have been easily established. Gregory told Mr.
20 Albrecht he believed it was a rumor about his involvement but Mr. Albrecht never spoke to any
21 teachers to find out if Gregory's assertion that he had a school-wide reputation as an excellent
22 video editor was true. Mr. Albrecht never re-interviewed the students to try to reconcile the
23 stories after Gregory denied he told them anything about his involvement.

24
25
Memorandum in Support of Motion for
Temporary Restraining Order - 6

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

1  The school district did not produce the students who claimed they knew Gregory was involved with the video and kept their names confidential. Gregory does not know who these students are and has not been able to question them or confront their accusations in any way. Mr. Albrecht claimed these students were "fearful of retaliation" if their names were revealed, even though Gregory has never been accused of any disciplinary actions or any inappropriate behavior at school or off school grounds. Mr. Albrecht was unable to explain why he believed these students and not Gregory, only that he found their statements "credible". The hearing officer, and later the school board, have only Mr. Albrecht's assertions to rely on as these witnesses have never been brought forward to be confronted directly.

Gregory and his parents appealed the decision of the hearing officer to the school board. On April 25, 2007 the school board heard Gregory's appeal. The school board subsequently upheld the discipline of Gregory in its entirety and produced a written report dated May 9, 2007. The school district began Gregory's suspension on Tuesday May 8, 2007. Gregory is currently out of school. The injuries suffered by Gregory as a result of the Kent School District's actions and the actions of Ms. Grohe and Mr. Albrecht cannot be fully compensated by monetary damages. If the suspension is not enjoined, Gregory will suffer irreparable injury, including but not limited to the chilling of his free speech rights, loss of his liberty and property interests in his public school education, and the delaying of his graduation from high school.

Gregory is filing his lawsuit after exhausting his administrative remedies to no avail. Gregory is asking this Court to rule on this motion as soon as possible so that Gregory does not lose any more school time. Gregory has a property interest in his education under the Washington State constitution and a fundamental right not to be punished for the purported exercise of his free speech rights. Any further loss of school time at this point in his senior year

Memorandum in Support of Motion for
Temporary Restraining Order - 7

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

of school jeopardizes his graduation from high school and future college plans. Prompt judicial action from this Court is requested to protect Gregory's core rights to stop this irreparable injury.

### III. ARGUMENT

A. Standards for Granting a Temporary Restraining Order

Preliminary relief such as a temporary restraining order may be granted if the moving party demonstrates a combination of likely success on the merits and irreparable harm. "To succeed, [plaintiff] must show likelihood of success on the merits and irreparable injury if denied the injunction or that he has raised serious questions and the balance of hardship tips sharply in his favor." Emmett v. Kent School Dist. No. 415 92 F.Supp. 2d 1088, 1089 (W.D. Wash. 2000) quoting Jacobson v. United States Postal Service 812 F.2d 1151, 1152 (9th Cir. 1987). "It bears repeating that [the] Court is not required to make any binding findings of fact, but need only find probabilities that the necessary facts can be proven." NORML v. Mullen 608 F.Supp. 945, 962-63 (N.D. Cal. 1985).

B. Gregory is Likely to Succeed on the Merits and, At the Very Least, The Case Presents Serious Questions

It is a bedrock principle of the First Amendment that the government may not punish a person simply because it disapproves of the person's speech.[5] The Washington State Supreme

---

[5] See R.A.V. v. City of St. Paul 505 U.S. 377 (1992); Texas v. Johnson 491 U.S. 397, 414 (1989); Bose Corp. v. Consumers Union of United States, Inc. 466 U.S. 485, 505 (1984); Police Dept. of Chicago v. Mosley 408 U.S. 92, 95 (1972).

Memorandum in Support of Motion for
Temporary Restraining Order - 8

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

Court applies the same straightforward rule.[6] Here it is undisputed that Gregory was placed onto a forty (40) day long-term suspension[7] based on the school district's conclusion that he participated in the production and posting on-line of a video criticizing a teacher, and by inference the school district for maintaining that teacher's employment. The school district put forward other reasons for this disciplinary action, but all the reasons boiled down to the same thing: a video was posted that criticized a teacher and was embarrassing to the administration.

> "In order for the State in the person of school officials to justify prohibition of a particular expression of opinion, it must be able to show that its action was caused by something more than a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint. Certainly where there is no finding or no showing that engaging in the forbidden conduct would 'materially and substantially interfere with the requirements of appropriate discipline in the operation of the school', the prohibition cannot be sustained."

Tinker v. Des Moines Ind. Comm. Sch. Dist. 393 U.S. 503, 509 (1968)(*internal citation removed*).

The school district has attempted to maintain that the video was "harassment" and its teachers were "fearful" as a result. However, the school district put forward no evidence of this "harassment" or "fearfulness" of the teachers at either of the two hearings appealing this action.

---

[6] *See* City of Bellevue v. Lorang 140 Wash. 2d 19 (Wash. Sup. Ct. 2000); State v. Talley 122 Wash. 2d 192, 217 (Wash. Sup. Ct. 1993).

[7] The length of this long-term suspension is excessive under the circumstances and wholly out of bounds when viewed under Washington state law (W.A.C. 180-40-260 stating that the nature of circumstances of the violation must be considered and must reasonably warrant a long-term suspension and not be imposed if another form of corrective action would be reasonably calculated to modify the behavior) or when viewed in light of other cases (*See for example* Emmett (5 days for postings viewed as death threats); Beussink (10 days for a critical webpage with vulgar and offensive language); Morse (10 days for waving a banner viewed as "pro-drug").

Memorandum in Support of Motion for
Temporary Restraining Order - 9

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

1 | The school district was also unable to establish any action on Gregory's part that was disruptive
2 | to the school, other than his purported part in the video, despite the fact that he attended school
3 | for almost the entire school year without incident. The Supreme Court has stated that "…in our
4 | system, undifferentiated fear or apprehension of disturbance is not enough to overcome the right
5 | to freedom of expression." Tinker at 508.

6 |     This case is similar to a long line of cases that demonstrate that students do not "shed
7 | their constitutional rights to freedom of speech or expression at the schoolhouse gate." Tinker at
8 | 736. In fact, in that case the Supreme Court stated that "the vigilant protection of constitutional
9 | freedoms is nowhere more vital than in the community of American schools." Id. at 512. Since
10 | Tinker there have been cases upholding student's rights to free speech both at school[8] and
11 | definitely outside of school even if that speech is disrespectful or unpleasant.[9] The United States
12 | Supreme Court recognizes that the internet, like books, newspapers, streets, and sidewalks, is a
13 | forum where a proliferation of speech is expected, encouraged, and constitutionally protected.
14 | Reno v. American Civil Liberties Union 521 U.S. 844 (1997). Congress itself has recognized
15 | this in the findings for major Internet legislation passed in 1996. "The Internet and other

---

[8] Frederick v. Morse 439 F.3d 1114 (9th Cir. 2006) *cert. granted.*

[9] *See* Klein v. Smith 653 F.Supp. 1440 (D. Me. 1986)(holding a school had no authority to punish a student for making an obscene gesture at a teacher off campus); Emmett v. Kent School Dist. 92 F. Supp. 2d 1088 (W.D. Wash. 2000)(granting a temporary restraining order to a student who was disciplined for a website viewed as inappropriate by school staff); Beussink v. Woodland R-IV Sch. Dist. 30 F. Supp. 2d 1175 (E.D. Mo. 1988)(granting a temporary restraining order to a student disciplined for posting a website critical of the school); A.B. v. State 863 N.E. 2d 1212 (Ind. App. 2007)(holding a student not delinquent based on her vulgar messages on a website criticizing school policy due to her rights to free speech).

Memorandum in Support of Motion for
Temporary Restraining Order - 10

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

1  interactive computer services offer a forum for a true diversity of political discourse, unique
2  opportunities for cultural development, and myriad avenues for intellectual activity." 47 U.S.C.
3  §230(b)(2). As a result, the government's ability to restrict a citizen's expression is at its
4  weakest on the internet because the internet is "the most participatory form of mass speech yet
5  developed", Reno at 863, and there is "no basis for qualifying the level of First Amendment
6  scrutiny that should be applied to this medium." Id. at 870.

7  In this case, even if the school district can prove Gregory's involvement in the production
8  and/or posting of this video, and there are serious issues of fact not yet proven to establish this,
9  the video is protected speech. While school districts can exercise some limits on student's
10 speech, it must establish a clear nexus between the speech and disruption *at school to the*
11 *learning environment*[10]. Here no such nexus has been established as there was no disruption
12 despite school officials' assertions of vague fears from teachers. Therefore Gregory has met the
13 requirement that he is likely to succeed on the merits and the Court should order a Temporary
14 Restraining Order enjoining the school district from keeping Gregory out of school.

16 B. Gregory Will Suffer Irreparable Harm if the Temporary Restraining Order Is Not Granted
17 Gregory is out of school currently suffering the loss of his education. The school
18 district's actions fully satisfy the irreparable harm/balance of hardships portions of the Ninth
19 Circuit test. In disputes involving the exercise of First Amendment rights, injunctive relief is
20 liberally granted. As the Supreme Court has observed in matters involving "First Amendment
21 rights…which must be carefully guarded against infringement by public office holders, we judge
22 that injunctive relief is clearly appropriate." Elrod v. Burns 427 U.S. 347, 373 (1976). As a

---

[10] Bethel Sch. Dist. v. Fraser 478 U.S. 675 (1986);

Memorandum in Support of Motion for
Temporary Restraining Order - 11

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

result, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Id. "The protection of constitutional rights is always in the public interest." International Society for Krishna Consciousness v. Kearnes 454 F. Supp. 116, 125 (E.D. Cal. 1978).

The specific facts of this case also indicate irreparable harm. Gregory is out of school and he is facing a total of forty (40) days of lost school time. As Gregory states in his declaration (See Declaration of Gregory Requa, attached), this loss of school time cannot be regained, even though the school district has offered a minimal level of tutoring during this period, as it takes him out of the classroom and denies him the full benefit of his education. This loss of school time threatens his graduation from high school and his future college plans and legal or any amount of monetary remedies would not be able to compensate him for this loss in any way.

The balance of hardships test also favors the granting of this Temporary Restraining Order. On Gregory's side he has been able to establish irreparable harm and nothing on the school district's side outweighs this. The school district has no compelling interest in keeping Gregory out of school as his presence there has proven he is not a disruption to the school or the learning environment. In fact the school district has been unable to establish that Gregory has been anything but a model student: quiet and cooperative in class, studious and maintaining a "B" average, and helpful to teachers when asked for assistance. If the school district's actions are to be a punishment for Gregory, it is wholly inappropriate to punish a student for exercising his free speech rights no matter how uncomfortable that speech is. If the school district's actions are to discourage the posting of critical material on-line then this has occurred because Gregory has already removed the video from his MySpace webpage. If the school district is seeking to silence other students who are critical of the school district through punishing Gregory, then that

Memorandum in Support of Motion for
Temporary Restraining Order - 12

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

action is inappropriate and illegitimate: silencing disfavored speech or chilling the speech of others through illegal actions by school officials is exactly what the First Amendment seeks to prevent. All factors balance in favor of granting the Temporary Restraining Order and ordering the school district to reinstate Gregory with no penalty.

## IV. BOND

As the Temporary Restraining Order will impose no financial burden on the school district, the Federal Rules of Civil Procedure 65(c) bond should be set at a nominal amount not to exceed $10.

## V. CONCLUSION

The Defendants in this case seek to discipline Gregory for purportedly exercising his right to express himself on the public forum of the internet. The school district's use of its disciplinary authority on these facts is unlawfully overreaching. To prevent irreparable harm, the Plaintiff is requesting the Court rule on the matter of a Temporary Restraining Order as soon as possible to enjoin the school district from further enforcement of the long-term suspension. Further, the Plaintiff requests the Court order the school district to place Gregory back in school pending the outcome of this case with no penalty for lost time and with the full opportunity to make-up all missed work for full credit.

Dated this 17th day of May, 2007

Memorandum in Support of Motion for
Temporary Restraining Order - 13

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*[Signature]*
Jeannette A. Cohen M.Ed. J.D.
Attorney for the Plaintiff
WSBA # 33052
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234

Memorandum in Support of Motion for

Temporary Restraining Order - 14

Jeannette A. Cohen M.Ed.J.D.
Attorney at Law
17826 1st Avenue NW
Shoreline, Washington 98177
206-542-7234